1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9
10
11
12
13
14

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.   CR 05-02021-TUC-DCB(BPV) |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **ON DEFENDANT'S MOTIONS TO** |
| MARIO CARRASCO-CHAIREZ, | ) | **DISMISS AND TO SEAL** |
| Defendant. | ) | |
| _____ | ) | |

15   On October 26, 2005, the Defendant Mario Carrasco-Chairez was indicted for illegal

16   entry into the United States (Docket # 5).  On April 10, 2008, Defendant filed a Motion to

17   Dismiss the Indictment (Docket # 52) and a Motion to Seal the Motion to Dismiss (Docket

18   # 51).  The Government filed its Response on July 7, 2008 (Docket # 62).

19   The matter came on for Evidentiary Hearing before the Court on July 31, 2008, and

20   August 20, 2008.  The Government called as a witness Patrick Pourier.  The Defendant called

21   Tarik Sultan.

22   The Court, having considered the briefing, arguments, and evidence presented,

23   recommends that the District Judge, after his independent review and consideration, enter an

24   order **DENYING** Defendant's Motion to Dismiss and **GRANTING** Defendant's Motion to

25   Seal the Motion to Dismiss.

26   <u>FACTS AND DISCUSSION</u>

27   The Defendant was admitted to the United States on or about October 8, 1971, as a

28   lawful permanent resident.  He lived in the United States continuously until he was put into

1  removal proceedings.

2         The Defendant was put into removal proceedings after the Immigration and

3  Naturalization Service (INS) determined that he was removable from the United States based

4  on a conviction for possession with intent to distribute marijuana, such conviction occurring

5  after a plea of guilty in the District of Nebraska on February 16, 1996.  The INS' charging

6  document, known as a Notice to Appear, was issued on or about August 20, 1997.  The

7  Notice to Appear alleged that the Defendant should be removed based on the above-

8  mentioned conviction.

9         On December 23, 1997, a hearing was held in Immigration Court.  At that time, the

10  Defendant was being detained by INS at its Service Processing Center in Eloy, Arizona.  At

11  the immigration hearing, the Defendant admitted to the conviction.  Immigration Judge Sean

12  Keenan thereafter informed the Defendant that he was ineligible for any form of relief from

13  removal and ordered his removal.  The Defendant, based on Judge Keenan's assertion that

14  he was not eligible to avoid removal, waived his right to appeal.

15        At the time of Defendant's first removal hearing, he was eligible for § 212(c) relief,

16  contrary to the opinion of the Immigration Judge.  In 1998, § 212(c) was abolished, but in

17  2001, St. Cyr overruled the Attorney General's decision that pre-1996 convictions were not

18  eligible for § 212(c) relief.

19        The net effect upon the Defendant is that he was denied the relief he was eligible to

20  receive.  Since there was no appeal of the deportation order, the Defendant now stands before

21  the Court, not as a lawful permanent resident subject to § 212(c) relief, but rather, as a

22  deported alien.  As a deported alien post-2001, the Defendant cannot obtain the immigration

23  relief he desires.

24        Up to this point, the Defendant would be entitled to a dismissal.  However, on

25  February 10, 2005, he was formally removed from the United States.  This Order of Removal

26  is constitutionally valid.  Since his original date of Indictment, the Government has obtained

27  a Superceding Indictment relying on the constitutional validity of the February 10, 2005,

28  removal.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

It is the recommendation of this Court that the District Judge, after his independent review and consideration, enter an Order **DENYING** Defendant's Motion to Dismiss (Docket # 52) and **GRANTING** Defendant's Motion to Seal the Motion to Dismiss (Docket # 51).

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court.  Any objections filed should be filed as CR 05-02021-TUC-DCB.

DATED this 22nd day of September, 2008.


_____
Bernardo P. Velasco
United States Magistrate Judge