**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-05-2021-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Mario Carrasco-Chairez, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Defendant's Motion to Dismiss Indictment. Before the Court is the Magistrate Judge's Report and Recommendation on the Defendant's Motion to Dismiss Indictment. The Magistrate Judge recommends to the Court that the Motion to Dismiss Indictment be denied. The Defendant filed Objections to this Recommendation and the Government filed a Response.

**OBJECTIONS**

Defendant agrees that the Magistrate Judge correctly ruled that the original 1997 removal order violated due process and could not be used as an element of the illegal reentry after deportation charge, 8 U.S.C. § 1326. Defendant objects to the Magistrate Judge's conclusion that the new removal order entered in 2005 was constitutionally valid, reasoning that the government obtained the 2005 removal order in part in reliance on the unconstitutional 1997 removal order. "The 2005 removal, which

could only have occurred and did only occur due to the 1997 unlawful removal order, is likewise unconstitutional as a violation of due process. The Court and the law cannot allow the government to benefit from its own illegal action. Otherwise, the government would be free to remove people unconstitutionally and be able to avoid any consequences for their actions." (Objections at 2-3.)

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

The Magistrate Judge presided over an Evidentiary Hearing on July 31, 2008 and August 20, 2008 during which time he heard the testimony of two witnesses, admitted exhibits into evidence, and entertained legal arguments from counsel. The Magistrate Judge found in his Report and Recommendation, as follows:

> The Defendant was admitted to the United States on or about October 8, 1971, as a lawful permanent resident. He lived in the United States continuously until he was put into removal proceedings. The Defendant was put into removal proceedings after the Immigration and Naturalization Service (INS) determined that he was removable from the United States based on a conviction for possession with intent to distribute marijuana, such conviction occurring after a plea of guilty in the District of Nebraska on February 16, 1996. The INS' charging document, known as a Notice to Appear, was issued on or about August 20, 1997. The Notice to Appear alleged that the Defendant should be removed based on the abovementioned conviction. On December 23, 1997, a hearing was held in Immigration Court. At that time, the Defendant was being detained by INS at its Service Processing Center in Eloy, Arizona. At the immigration hearing, the Defendant admitted to the conviction. Immigration Judge Sean Keenan thereafter informed the Defendant that he was ineligible for any form of relief from removal and ordered his removal. The Defendant, based on Judge Keenan's assertion that he was not eligible to avoid removal, waived his right to appeal. At

2

>the time of Defendant's first removal hearing, he was eligible for § 212(c) relief, contrary to the opinion of the Immigration Judge. In 1998, § 212(c) was abolished, but in 2001, *[INS v.] St. Cyr, [533 U.S. 289 (2001)],* overruled the Attorney General's decision that pre-1996 convictions were not eligible for § 212(c) relief. The net effect upon the Defendant is that he was denied the relief he was eligible to receive. Since there was no appeal of the deportation order, the Defendant now stands before the Court, not as a lawful permanent resident subject to § 212(c) relief, but rather, as a deported alien. As a deported alien post-2001, the Defendant cannot obtain the immigration relief he desires.  Up to this point, the Defendant would be entitled to a dismissal.
>
>However, on February 10, 2005, he was formally removed from the United States. This Order of Removal is constitutionally valid. Since his original date of Indictment, the Government has obtained a Superceding Indictment relying on the constitutional validity of the February 10, 2005, removal.

(R&R at 1-2.)

The Government responded to the Defendant's Objections, as follows:

>The defendant appears to suggest that but for the 1997 removal order, he would not have been removed in 2005. The defendant is incorrect. The basis for the defendant's 2005 removal was his conviction of attempted transportation of marijuana for sale, an aggravated felony drug trafficking offense, on November 8, 2004. At the time of the defendant's 2004 conviction and 2005 removal, there were no grounds of relief available to him. Even if the defendant had still been a legal permanent resident at that time, he would not have been eligible for 212(c) or any other relief because of the new conviction. The defendant's legal permanent resident status would have been revoked and the defendant would still have been removed from the United States.

(Response at 1-2.)

Defendant's removal in 2005 was never specifically the subject of the Motion to Dismiss the Indictment or the evidentiary hearings. Defendant argued that the first 1997 removal proceeding was constitutionally flawed and the Magistrate Judge agreed.  The Removal Order derived from the conviction of an aggravated felony, specifically

3

controlled substance trafficking[1], in February 2005 alone suffices as the basis for the superceding indictment for illegal reentry after deportation in this action. Defendant was deportable under §237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) after having been convicted of an aggravated felony as defined in Section 101(a)(43)(B) of the INA, as described in Section 102 Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, U.S.C.  Defendant was adjudicated inadmissible or excludable under section 237 of the INA and ordered deported or removed based on the conviction of a crime designated as an aggravated felony. Hence, the Superceding Indictment for illegal reentry after deportation, stemming from Defendant's arrest on September 26, 2005,  stands.

After conducting a de novo review of the record, the Court deems the Defendant's Objections to be frivolous.

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. No. 86) in its entirety.  The Objections (Doc. No. 90) raised by the Defendant are **OVERRULED**.

/ / /

/ / /

/ / /

---

[1] Defendant was convicted on November 8, 2004 of attempted transportation of marijuana for sale, over two pounds, a class 3 felony and sentenced to serve 2.5 years in prison.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment (Doc. No. 52) is **DENIED**.

DATED this 20th day of October, 2008.

David C. Bury
United States District Judge